UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STEVE ZOFFKA, Individually and on Behalf of All Others Similarly Situated,  Plaintiff, § § § § § § § § § § | CIVIL ACTION NO. 3:14-cv-66  JURY TRIAL DEMANDED |
| V. | |
| OSG LIGHTERING SERVICES INC. and OSG LIGHTERING LLC,  Defendants. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION AND JURY DEMAND**

1. Defendants OSG Lightering Services, Inc. and OSG Lightering LLC (collectively "Defendants") required Plaintiff Steve Zoffka ("Plaintiff") to work more than forty (40) hours in a workweek as an assistant mooring master. Plaintiff is a day-rate paid employee who transfers oil from tankers in the Gulf of Mexico. Defendants misclassified Plaintiff and other similarly situated workers as independent contractors and as such paid them straight time for overtime hours worked.

2. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed similar work for Defendants during the three-year period before the filing of this Complaint up to the date the court authorizes notice. Members of the Collective Action are hereinafter referred to as "Class Members."

1

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas, Galveston Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division and Defendants do a significant percentage of their business in this District. Additionally, Plaintiff was based at Defendants' facilities in Galveston.

**PARTIES AND PERSONAL JURISDICTION**

6. Plaintiff Steve Zoffka is an individual residing in Fort Bend County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The "Class Members" are all current and former hourly-paid workers classified as independent contractors who performed work for Defendants as assistant mooring masters or performed work associated with the maritime transfer of petroleum products of during the three-year period before the filing of this Complaint up to date the Court authorizes notice.

8. Defendant OSG Lightering Services Inc. is a foreign for-profit corporation that does business in Texas and this district. Said Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9. Defendant OSG Lightering LLC is a foreign limited liability company that does business in Texas and this district. Said Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

10. This Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For years, Defendants have done business in Texas and they continue to do business in in Texas.

## FLSA COVERAGE

11. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

16. All work performed by Plaintiff and Class Members was performed in the United States or territories within the jurisdiction of the United States.  29 U.S.C. § 213(f).

## FACTS

17. Plaintiff Zoffka worked for Defendants from approximately December of 2012 until January of 2014.  His job title was assistant mooring master.

18. Defendants perform lightering services in the Gulf of Mexico.

19. Lightering involves transferring cargo from a larger vessel to a smaller one, typically to accommodate berth size or port depth.

20. Lightering is used because the economical shipment of crude oil from its source overseas calls for the use of very large crude carriers ("VLCCs") and ultra large crude carriers ("ULCCs"). Ports may not be deep enough, or have wide enough entrances, to accommodate such massive ships. Lightering allows the offshore unloading of the crude oil cargos of these VLCCs and ULCCs to tankers that can fit within the desired port.

21. The lightering process consists of maneuvering a smaller tanker, referred to as a service vessel, alongside the larger vessel. This process is typically conducted with both vessels underway although it may be conducted with one of the two vessels anchored, depending on depth. The two vessels are then attached together with a series of lines while large rubber fenders float between the two vessels to prevent damage. Once connected by lines, a portion of the crude is transferred from the larger vessel to the smaller vessel through hoses.

22. Workers such as Plaintiff and Class Members perform the manual duties associated with lightering, such as connecting the hoses and monitoring the flow from vessel to vessel.

23. When the vessels are moored together and the hoses are connected, the hoses must be monitored constantly to insure there are no crude oil leaks.

24. The actual process of transferring crude from barge to barge can take over an entire day, during which workers such as Plaintiff and Class Members must stay at their posts monitoring the flow of oil, report any leaks, and insure the vessels remain linked.

25. Laborers such as Plaintiff and the Class Members attach the lines and hoses to initiate the lightering process then monitor the flow as oil flows from ship to ship.

26. For their labor, Defendants pay Plaintiff and Class Members a flat daily rate without overtime regardless of how many hours a week they work.

4

27. Defendants avoid the payment of overtime by classifying its workers as independent contractors.

28. While working for Defendants, Plaintiff Zoffka interacted with and became familiar with the way Defendants treat their other workers with respect to overtime pay and that they misclassify such workers as independent contractors. Therefore, Plaintiff Zoffka has first-hand personal knowledge of the same pay violations throughout Defendants operations, regardless of vessel or location.

29. Defendants paid Plaintiff and Class Members on a day rate.

30. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and Class Members.

31. In addition, Defendants instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

32. Moreover, the following conduct further demonstrates that Defendants acted as Plaintiff's employer:

   a. Defendants paid Plaintiff and Class Members on a non-negotiable day rate it unilaterally set;

   b. Defendants required Plaintiff and Class Members to report to their assigned vessel at a set time;

   c. Plaintiffs and Class Members had no control over which vessel they were assigned to work;

   d. Defendants required Plaintiff and Class Members to request time off in advance and have that time off preapproved;

e. Defendants issued work orders to Plaintiff and Class Members;

f. Defendants provided safety training to Plaintiff and Class Members instructing them how to perform their work;

g. Plaintiff and Class Members faced termination if they failed to attend these regular meetings;

h. Due to the amount of work hours per week (often more than 70) and the extent of time Plaintiff and Class Members spent at sea, as a practical matter, they were prevented from working for any other company;

i. Defendants controlled the amount of hours Plaintiff and Class Members worked;

j. Defendants dictated the locations at which Plaintiff and Class Members worked;

k. Plaintiff's and Class Members' services were integrated into Defendants operations;

l. Plaintiffs and Class Members were required to perform their work in an order set by Defendants;

m. Plaintiff and Class Members worked for Defendants for long periods of time, often years, as is common with employees;

n. Plaintiff and Class Members worked predictable schedules for Defendants, typically 15 days on, 15 days off;

o. Defendants had rules that Plaintiff and Class Members were required to follow when performing their jobs;

p. Defendants required Plaintiff and Class Members to attend company meetings; and

q. Defendants maintained the right to discharge Plaintiff and Class Members at will.

33. A substantial portion of Defendants' annual revenue is derived from work performed by Plaintiff and Class Members.

34. Lightering work would not be possible without the services rendered by Plaintiff and Class Members.

35. Furthermore, the work performed by Plaintiff and Class Members does not require specialized skills or training. Defendants hire assistant mooring masters without experience and rely on their work force to train new hires through on-the-job training.

36. Despite these facts, Defendants improperly classified Plaintiff and Class Members as independent contractors and not employees.

37. However, at all times, the assistant mooring masters and other similarly situated workers were employees of Defendants, as that term is defined under the FLSA and interpretative case law.

38. Although Plaintiff and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

39. Instead, Plaintiff and Class Members were paid a flat daily rate for all hours worked, regardless of how many hours they actually worked.

40. That is, Defendants paid Plaintiff and Class Members straight time for overtime.

41. No FLSA exemption applies to employees such as Plaintiff and Class Members.

42. The primary duties of Plaintiff and Class Members do not aid in the operation of any vessel as a means of transportation. Rather, the primary duties of Plaintiff and Class Members consist of loading and unloading oil from tankers.

## **VIOLATION OF 29 U.S.C. § 207**

43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44. Defendants' practice of failing to pay Plaintiff and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

45. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

47. Plaintiff Zoffka's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work throughout the territory of the United States.

48. Other day rate workers similarly situated to the Plaintiff work for Defendants throughout the territory of the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

49. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

50. Defendants have classified and continue to classify Class Members as independent contractors.

51. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

52. Class Members are not exempt from receiving overtime pay under the FLSA.

53. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

54. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

55. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

56. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

57. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

58. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused financial harm to all Class Members.

59. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former workers paid on a day rate and classified as independent contractors who performed work for Defendants associated with lightering vessels throughout the United States or the outer Continental Shelf lands, as defined in the Outer Continental Shelf Lands Act (43 U.S.C. § 1331, *et seq.*) during the

three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## DAMAGES SOUGHT

60. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. § 216(b).

61. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiff and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

63. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

64. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

    c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

        Respectfully submitted,

        KENNEDY HODGES, L.L.P.


By:   /s/ Galvin B. Kennedy
      Galvin B. Kennedy
      Gkennedy@kennedyhodges.com
      Texas State Bar No. 00796870
      Federal Bar No. 20791
      711 W. Alabama St.
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116
      ATTORNEY FOR PLAINTIFF


OF COUNSEL:
John A. Neuman
Jneuman@kennedyhodges.com
Texas State Bar No. 24083560
Federal Bar No. 1902654
KENNEDY HODGES, LLP
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116